IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ARVEST BANK                                              PLAINTIFF

V.                         CASE NO. 5:17-CV-5235

UNITED STATES; LARRY WALTHER in his Official
Capacity as Director of the Arkansas Department of
Finance and Administration, and his successors in
interest; and LORA A. PICKAR, Executor of the Estate
of Gertrud B. Pickar                                     DEFENDANTS

## OPINION AND ORDER

Currently before the Court are a Motion for Leave to File Original Counterclaim (Doc. 60) and a Motion for Modification of Order to Distribute Interpleader Funds (Doc. 61), both filed by Defendant Larry Walther in his Official Capacity as Director of the Arkansas Department of Finance and Administration ("the DFA"). Also before the Court is a Joint Motion for Dismissal of United States' Amended Counterclaim (Doc. 64) filed by Plaintiff Arvest Bank ("Arvest") and Defendant United States. For the reasons given below, all three Motions are **GRANTED**.

## I. DISCUSSION

Arvest filed this case as an interpleader action in the Circuit Court of Washington County, Arkansas, on October 11, 2017. *See* Doc. 3. The United States removed the case to this Court the following month. *See* Doc. 1. As this Court previously explained:

> Arvest is the Trustee of the John C. Guilds, Jr. Revocable Trust, u/t/a August 24, 2012 ("the Trust"). *See* Doc. 3, ¶ 2. John C. Guilds, Jr. passed away in March 2014. *See id.* at ¶ 8. When this action was filed three and a half years later, he still had outstanding tax liabilities to both the Internal Revenue Service ("IRS") and the Arkansas Department of Finance and Administration ("DFA"). *See id.* at ¶ 9. At that time, the Trust owned a trust

1

> account at Arvest with a balance of $114,421.50, *see id.* at ¶ 2, which was subject not only to Mr. Guild's outstanding tax liabilities but also to the interest of the Estate of Gertrud B. Pickar ("the Pickar Estate"), as successor in interest to Gertrud B. Pickar, *see id.* at ¶ 13. Arvest filed this action because it could not determine without hazard to itself which portion, if any, of the Trust's balance should be allocated to each of the Defendants. *See id.* at ¶ 14.

(Doc. 49, pp. 1–2).

The United States filed cross-claims against the DFA and the Pickar Estate, and a counterclaim against Arvest, alleging that Arvest was indebted to the United States in the amount of $214,250.76, plus interest, on account of its failure to pay Mr. Guild's outstanding federal income tax liabilities from the Trust. *See* Doc. 14, ¶¶ 19–21. None of the other defendants filed any counterclaims against Arvest. All three defendants eventually reached an agreement as to how the interpleaded funds should be distributed between them, and moved this Court to so distribute the monies. *See* Doc. 34. Arvest opposed that motion, arguing that it was entitled to some portion of the interpleaded funds to cover its administrative expenses. *See* Docs. 37, 42. On October 24, 2018, this Court held a hearing on the motion, and ultimately granted the motion on that same day. *See* Doc. 49.

Following that October 24 hearing, the Court filed an Amended Case Management Order, setting a deadline of November 8, 2018 for the parties to seek leave to amend pleadings. *See* Doc. 52, § 3. The United States filed an amended counterclaim against Arvest on October 30. *See* Doc. 50. Then on November 7, the DFA filed a Motion for Leave to File Original Counterclaim, seeking leave to file a counterclaim against Arvest to enforce its own tax lien, similar to the counterclaims that the United States had previously filed. *See* Doc. 60. On that same day, the DFA filed a Motion for Modification

of Order to Distribute Interpleader Funds, seeking modification "only to the extent that the Order terminates DFA from this case." *See* Doc. 61, ¶ 1 (emphasis removed). Both of these motions were timely filed under the Amended Case Management Order, and no party ever filed any response in opposition to them; accordingly, both of these Motions will be **GRANTED**. *See* Local Rule 7.2(f). The DFA may file its original counterclaim **by no later than the close of business on January 14, 2019**.

On December 12, 2018, Arvest and the United States jointly moved for the United States' Amended Counterclaim to be dismissed, on the grounds that they had settled the matter. Accordingly, that request will be **GRANTED**.

This Court's review of the DFA's proposed counterclaim, *see* Doc. 60-1, leaves the Court unsure of whether it may, or should, continue to exercise jurisdiction over this case in light of the foregoing rulings. This Court's jurisdiction was initially predicated on the United States' status as a party. *See* Doc. 1, ¶ 4 (citing 28 U.S.C. §§ 1442(a)(1), 1444, 2410(a)(5)). But in light of the United States' dismissal from this action, that basis for federal jurisdiction no longer exists. Accordingly, if the DFA files its proposed counterclaim, then the Court will require Arvest and the DFA each to brief the issue of whether this Court should remand the matter to state court, or continue to exercise jurisdiction over this case under 28 U.S.C. § 1367 (or on any other basis). The parties will be required to file those briefs **by no later than the close of business on January 18, 2019**.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Larry Walther's Motion for Leave to File Original Counterclaim (Doc. 60) and Motion for Modification of Order to Distribute

Interpleader Funds (Doc. 61), and Plaintiff Arvest Bank's and Defendant United States' Joint Motion for Dismissal of United States' Amended Counterclaim (Doc. 64) are all **GRANTED**. Defendant United States' Amended Counterclaim (Doc. 50) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Larry Walther may file his original counterclaim **by no later than the close of business on January 14, 2019**. If no such counterclaim is filed before the expiration of that deadline, then the Clerk of the Court will be directed to close this case.

**IT IS FURTHER ORDERED** that if Defendant Larry Walther files his original counterclaim before the expiration of his deadline to do so, then **by no later than the close of business on January 18, 2019**, he and Plaintiff Arvest Bank must each state their respective positions on whether this Court should maintain jurisdiction over that counterclaim or remand it to state court.

**IT IS SO ORDERED** on this 9th day of January, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE