# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**ARVEST BANK**                                                               **PLAINTIFF**

**V.**                        **CASE NO. 5:17-CV-5235**

**UNITED STATES; LARRY WALTHER in his Official
Capacity as Director of the Arkansas Department of
Finance and Administration, and his successors in
interest; and LORA A. PICKAR, Executor of the Estate
of Gertrud B. Pickar**                                                        **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are a Motion for Extension of Time (Doc. 68), filed by Defendant Larry Walther in his Official Capacity as Director of the Arkansas Department of Finance and Administration ("the DFA"), and a Response (Doc. 70) in opposition filed by Plaintiff Arvest Bank ("Arvest"). In its Motion, which was filed on January 10, 2019, the DFA asks this Court to extend the deadline for dispositive motions from January 10, 2019 to "30 days from the date that Arvest responds to DFA's Requests for Production." *See* Doc. 68, ¶ 1. Those requests for production were sent to Arvest on November 30, 2018, after the DFA had previously been terminated as a party, and before the DFA had been granted leave to file a counterclaim against Arvest. It appears the parties have a dispute as to whether it was even proper for that discovery to be propounded under such conditions, and as to whether Arvest has any obligation to respond to it. That dispute is not presently before the Court, and the Court makes no findings or rulings on it.

But the Court will make the following observations, germane to the Motion that *is* before the Court. When the DFA was initially terminated from this case, that was done at

*the DFA's* request, on the grounds that all claims involving the DFA in this case had been resolved. *See* Doc. 34, ¶ 7; Docs. 49, 51. The DFA did not seek leave to file a counterclaim against Arvest until nearly a full year after this case was removed to this Court, and has never offered any explanation of why it waited so long to do so. The United States filed a similar counterclaim against Arvest all the way back in February 2018; and during a hearing on October 24, 2018, when the Court asked counsel for the DFA whether the DFA wished to file any similar counterclaim, she replied that she had never been able to obtain approval to do so from her supervisors. Arvest claims that November 30, 2018, was the first time the DFA sought any discovery in this case, *see* Doc. 70, ¶ 2, and there is nothing in the DFA's Motion that would indicate otherwise.

On the present record, then, the Court is unable to see any reason why the DFA now finds itself hard-pressed against deadlines, other than the DFA's own lack of diligence in prosecuting its claims. In this Court's view, that is not good cause for modifying a scheduling order. *See* Fed. R. Civ. P. 16(b)(4).

**IT IS THEREFORE ORDERED** that Defendant Larry Walther's Motion for Extension of Time (Doc. 68) is **DENIED**.

**IT IS SO ORDERED** on this 14th day of January, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE